UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT TAYLOR, Mayor, City of Roseville;
DOUGLAS R. ALEXANDER, City Manager, City of Algonac;
MATTHEW BIERLEIN, County Commissioner, Tuscola County;
DONALD LYONS, Mayor, City of Dowagiac;
TODD R. ROBINSON, Superintendent, New Haven Community Schools;
RUSSELL PICKELL, Superintendent, Riverview Community Schools;
GARY O'BRIEN, School Board President, Riverview Community Schools;
KELLY COFFIN, Superintendent, Tecumseh Public Schools;
KIMBERLY AMSTUTZ-WILD, School Board President, Tecumseh Public
Schools; KEITH WUNDERLICH, Superintendent, Waterford School District;
ROBERT SEETERLIN, School Board President, Waterford School District;
MICHELLE IMBRUNONE, Superintendent, Goodrich Area Schools;
DAVID P. PRAY, Superintendent, Clinton Community Schools;
PATRICIA MURPHY-ALDERMAN, Superintendent, Byron Area Schools;
AMY LAWRENCE, School Board President, Byron Area Schools;
ROBERT D. LIVERNOIS, Superintendent, Warren Consolidated School District;
YVONNE CAAMAL CANUL, Superintendent, Lansing School District,
*in their individual and official capacities*; and
STEPHEN PURCHASE, *in his individual capacity*.

     Plaintiffs,

              Hon.

v.

              Case No.

RUTH JOHNSON, *in her official*
*capacity as* Secretary of the State of Michigan;
and the STATE OF MICHIGAN,

              **CLAIM OF**
     Defendants.         **UNCONSTITUTIONALITY**
_____

Miller, Canfield, Paddock and Stone, P.L.C.
Scott R. Eldridge (P66452)
Michael J. Hodge (P25146)
*Attorneys for Plaintiffs*
One Michigan Avenue
Lansing MI 48933
eldridge@millercanfield.com
hodge@millercanfield.com

Miller, Canfield, Paddock and Stone, P.L.C.
Jerome R. Watson (P27082)
Brian M. Schwartz (P69018)
*Attorneys for Plaintiffs*
150 West Jefferson, Suite 2500
Detroit, MI  48226
(313) 963-6420
schwartzb@millercanfield.com
watson@millercanfield.com

_____

## VERIFIED COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND OTHER RELIEF

### INTRODUCTORY STATEMENT

1.      Plaintiffs file this civil rights action to challenge the constitutionality of a recent amendment to § 57 of the Michigan Campaign Finance Act, 2015 P.A. 269, MCL 169.257 ("Act 269"), which took effect on January 6, 2016.

2.      Subsection 57(3) of Act 269 is an unprecedented gag order on public bodies and public officials that prohibits them from communicating with and informing their constituents about ballot questions in an objectively neutral way during the two months before an election; and Act 269 makes it a crime to do so.

3.     Thus, Subsection 57(3) of Act 269 violates the First Amendment to the United States Constitution, guaranteeing free speech, because it prohibits the free flow of objectively neutral, core political speech.

4.     Subsection 57(3) of Act 269 also violates the Fourteenth Amendment to the United States Constitution, which guarantees due process, because Subsection 57(3)'s overly broad and vague language subjects public officials to criminal prosecution for engaging in protected speech without adequate notice or guidance about what conduct amounts to a crime, further chilling free speech.

5.     The United States Supreme Court and courts across the country have struck down broad restrictions of political speech because they violate the First Amendment right to freedom of speech, particularly when it prohibits core political speech.

6.     Michigan's Attorney General has opined that public officials have a constitutional right and obligation to communicate to the people on controversial subjects so that their constituents can be fully informed by them and be better able to access their qualifications for office because "in a representative government it is imperative that the members of the public be informed completely on all issues." OAG, 1969-1970, No. 4647 (Sept. 29, 1969).

## HISTORY OF ACT 269

7.     The brief story of Subsection 57(3)'s enactment, which amends Michigan's Campaign Finance Act ("MCFA"), is as offensive to the democratic process as its content.

8.     Section 6 of the MCFA, MCL 169.206, has differentiated between regulated "expenditures" – or *advocacy* – and neutral communications.  MCL 169.206(2)(b) and (2)(j).

9.     Subsection 57(1) of the MCFA has long prohibited the use of public funds and resources to make an expenditure – i.e., to engage in advocacy.  MCL 169.257(1).  That section continues to state:

> A public body or a person acting for a public body shall not use or authorize the use of funds, personnel, office space, computer hardware or software, property, stationery, postage, vehicles, equipment, supplies, or other public resources to make a contribution or expenditure or provide volunteer personal services that are excluded from the definition of contribution under section 4(3)(a). The prohibition under this subsection includes, but is not limited to, using or authorizing the use of public resources to establish or administer a payroll deduction plan to directly or indirectly collect or deliver a contribution to, or make an expenditure for, a committee. Advance payment or reimbursement to a public body does not cure a use of public resources otherwise prohibited by this subsection.

10.     This blanket prohibition had not historically applied to Subsection 57(1)(b), which permitted "the production or dissemination of factual information concerning issues relevant to the function of the public body."    MCL 169.257(1)(b).

11.   Subsection 57(1)(b) is now "[s]ubject to subsection [57](3)…" M.C.L. 169.257(1)(b).  2015 P.A. 256.

12.   The all new Subsection 57(3) gags public bodies and public officials by prohibiting the dissemination of objectively neutral information to residents about ballot questions as follows:

> Except for an election official in the performance of his or her duties under the Michigan election law . . . **a public body, or a person acting for a public body, shall not**, during the period 60 days before an election in which a local ballot question appears on a ballot, use public funds or resources for a communication by means of radio, television, mass mailing, or prerecorded telephone message **if that communication references a local ballot question** and is targeted to the relevant electorate where the local ballot question appears on the ballot. [M.C.L. 169.257(3) (emphasis added)].

13.   Introduced by Senator Michael Kowall (R-White Lake) on October 20, 2015 as Senate Bill 571, Act 269 did not initially include the unconstitutional language in Subsection 57(3).  2015 S.B. 571.  (Exhibit 1).

14.   The State Senate passed S.B. 571 on November 4, 2015 (with immediate effect).

15.   On December 16, 2015, the last day of the legislative session, Rep. Lisa Lyons (R-Alto) introduced a substitute bill in the House of Representatives ("Substitute H-3") that included the new Subsection 57(3) at issue here. (Exhibit 2).

16.     The House of Representatives passed the legislation that night, giving it immediate effect.  *See* 2015 H.J. 102 (December 16, 2015).

17.     SB 571, with substitute H-3, was so hastily adopted at the last minute that there was virtually no legislative debate; and since then, numerous members of the House of Representatives and State Senate have stated publicly that they voted for SB 571 without knowing that Substitute H-3 was a part of it.

18.     For example, Rep. David Pagel (R-Berrien Springs), who voted for Act 269, told the *Detroit Free Press* "It's troubling when you take a vote and later realize that you were ignorant of some facts you should have known."[1]

19.     Rep. Larry Inman (R-Williamsburg) told Traverse City's *Record Eagle* that "he didn't realize what the last-minute amendment with the 60-day restriction would do when he voted to pass the bill" stating:  "I didn't expect them to do that, so I didn't even know about it... A lot of us were really upset about not being briefed on, where did this come from?"[2]

---

[1] http://www.freep.com/story/opinion/columnists/brian-dickerson/2016/01/07/campaign-finance-surprise/78361616/

[2] http://www.record-eagle.com/news/local_news/schools-find-ways-around-new-campaign-law/article_84ded223-7021-5244-acee-64f46762b8bd.html?utm_source=WhatCounts%2c+Publicaster+Edition&utm_medium=email&utm_campaign=Daily_Newsletter&utm_content=READ

20.     Even Senator Kowall, who introduced the original version of SB 571, told the *Free Press* that he was not fully aware of the last minute substitute when he voted for it.[3]

21.     The Governor signed Act 269 into law on January 6, 2016.

22.     Subsection 57(3) of Act 269 offends the democratic process and it violates the United States Constitution on its face and as applied to the Plaintiffs.

23.     Subsection 57(3) of Act 269 impacts not only the Plaintiffs, but similarly-situated public officials, citizens and public bodies all over the State of Michigan, prohibiting each from properly governing and informing their citizens about matters of local concern.

24.     In Ottawa County, for example, the County has instructed all County employees to refrain from speaking at all about its March 8th Community Mental Health millage proposal out of fear of criminal prosecution.[4]

25.     The Plaintiffs here live with the same fear.

26.     Subsection 57(3) of Act 269 has also significantly harmed public school districts' future budgets and finances.  Specifically, on Thursday, January 21, 2016, Moody's Investor Service announced that Section 57(3)'s gag order "is credit negative for school districts and other local governments because it impedes

---

[3] http://www.freep.com/story/opinion/columnists/brian-dickerson/2016/01/07/campaign-finance-surprise/78361616/
[4] http://www.hollandsentinel.com/news/20160115/ottawa-county-issues-gag-order-on-upcoming-millage-vote-in-face-of-new-law

their ability to provide information on ballot measures such as property levy renewals… Michigan (Aa1 stable) schools will likely suffer the brunt of the impact because the vast majority rely on periodic voter approval of local operating levy renewals for property taxes." (Exhibit 3).

27. Moody's also opined that "[c]ounties, cities and other special districts could also be hurt by the legislation." *Id.*

## **THE PARTIES**

28. Time is of the essence for Plaintiffs, and similarly-situated persons, local governments, and school districts all over the State of Michigan.

29. On March 8, 2016, there will be more than 100 ballot questions presented to voters at local elections around the State of Michigan.

30. For those elections, the 60-day gag order is currently prohibiting elected and appointed officials from informing their constituents in an objectively neutral manner about the details of their ballot questions by means that they have historically used and which have historically been effective – particularly in areas where regular access to internet and other digital means of communication is not as prevalent.

31. For the May 3, 2016 elections, the 60-day gag order will soon be prohibiting elected and appointed officials from informing their constituents in an

objectively neutral manner about the details of their ballot questions by means that they have historically used and which have historically been the most effective.

32.     Plaintiffs here include elected and appointed public officials, in their individual and official capacities, who have the responsibility and intent to communicate with and inform their constituents, in an objectively neutral way, about matters of public concern, including bond proposals, city charter amendments, and other local ballot questions.

33.     Plaintiffs are also Michigan voters who reside in areas where local ballot proposals will appear on upcoming election ballots; and who rely and depend upon elected and other public officials to educate and inform them about the pros and cons of local ballot questions.

**Mayor, City of Roseville**

34.     Plaintiff Robert Taylor is a resident of the City of Roseville and is an elected public official, serving as the City's Mayor.

35.     On March 8, 2016, City of Roseville residents are being asked to vote on a ballot question whether to renew a millage for the purpose of equipping, manning, operating, and training personnel for the City's Advanced Life Support Emergency Medical Service System.

36.     Mayor Taylor planned and intended to educate local residents who voted him into office about the ballot proposal in an objectively neutral manner,

including to describe the history and nature of the local EMS system, the cost of the millage renewal, the intended use of the funds, and other related matters, by way of mass mailings, radio, television, and pre-recorded telephone messages, which are the most effective means of informing the largest number of residents, including those without regular access to the internet, such as elderly residents, linguistically diverse communities, and those in rural and/or economically depressed areas.

**City Manager, City of Algonac**

37.    Plaintiff Douglas R. Alexander is a resident of Fort Gratiot Township and is a public official, serving as City Manager for the City of Algonac.

38.    On March 8, 2016, Algonac residents are being asked to vote on a ballot proposal to enter into a twenty year lease with the United States Coast Guard for 200 feet of Riverfront Park dockage in exchange for the Coast Guard repairing at its cost the seawall at that location.

39.    Prior to the enactment of Act 269, Mr. Alexander was planning to use several effective means to communicate factual and objectively neutral information to voters, including, but not limited to, explaining the ballot proposal in the city's quarterly newsletter which is mailed to approximately 1,900 city households.

40.    The information Alexander was planning to communicate would have been factual information that did not advocate for or against the proposal.  For

10

example, it would have provided information about the history of the Coast Guard tying up ice breakers along the seawall and the fact that over-dredging performed by the Coast Guard damaged the seawall. Alexander also was planning to communicate that the riverfront boardwalk would remain open to the public notwithstanding the use by the dockage.

**County Commissioner, Tuscola County**

41. Plaintiff Matthew Bierlein is a resident of Vassar, Michigan and is an elected public official, serving as the County Commissioner.

42. On March 8, 2016, Tuscola County residents are being asked to vote on a 0.1 mill ballot proposal entitled the Tuscola County Michigan State University Extension Proposal, which, if passed, would be used to sustain 4-H youth development, agriculture and agribusiness, health and nutrition and other community education programs through the Michigan State University Extension services.

43. Commissioner Bierlein anticipated educating local residents about the ballot proposal in an objectively neutral manner, including to describe the history and nature of the program, the cost of the 0.1 mill, the intended use of the funds, and other related matters, by way of radio and television, which is often most effective in reaching the widest audience.

**Mayor, City of Dowagiac**

44.     Plaintiff Donald Lyons is a resident of the City of Dowagiac and is an elected public official, serving as the City's Mayor.

45.     On March 8, 2016, Dowagiac residents are being asked to vote on a ballot question proposing to amend the City charter to change the office of the City Clerk to an appointed administrative office as opposed to an elected office.

46.     Prior to the enactment of Act 269, Mayor Lyons intended to educate his constituents about the ballot question primarily through a weekly newsletter and an information sheet that would be mailed with utility bills to local residents, which would not require additional postage costs.   This would be the most effective means of communicating objectively neutral information about the issue to the most residents, including those who live in areas that may not have regular access to internet or significant media outlets.

47.     In fact, prior to Act 269, Mayor Lyons had caused a draft flyer to be prepared for mass mailing, detailing in question and answer format the details of the City Charter and the impact of a "yes" vote versus a "no" vote.   Mayor Lyons is now prohibited from disseminating the flyer.

**Superintendent, New Haven Community Schools**

48.     Plaintiff Todd R. Robinson resides in Rochester Hills, Michigan and is a public official, serving as the Superintendent of the New Haven Community Schools.

49.     On March 8, 2016, local residents in and around New Haven Community Schools, including Macomb County, will be asked to vote on a statutory non-homestead, 18 mill renewal bond proposal for operating purposes, along with a 3 mill Headlee override bond proposal, totaling more than $2.8 million.

50.     Superintendent Robinson intended to use public resources to communicate to and educate local residents, in an objectively neutral manner, about the ballot question during the 60-day period leading up to the March 2016 election using mass mailings because it has proven to be the most effective at reaching the largest audience, including those without regular access to internet, television, or telephone.

51.     For example, before Act 269, Superintendent Robinson caused to have printed over 500 two-sided, color informational flyers containing objectively neutral "Frequently Asked Questions" and answers about the ballot question, including basic information about the impact on property taxes, the planned use for the funds, and the deadline by which to register to vote.  Because of Subsection

57(3) of Act 269, however, Superintendent Robinson cannot disseminate the flyers by mass mailing, thereby wasting public resources.

52.    Superintendent Robinson also used public resources in late 2015 to begin preparing an objectively neutral television communication on local cable channel 6 to remind residents to vote on the ballot question.  He stopped those efforts after the Legislature passed SB 571.

**Superintendent and School Board President, Riverview Community Schools**

53.    Plaintiff Russell Pickell is a resident of Riverview, Michigan and is a public official, serving as the Superintendent of the Riverview Community Schools; Plaintiff Gary O'Brien is a resident of Riverview, Michigan and is an elected public official, serving as the President of the Board of Education for Riverview Community Schools (collectively the "Riverview Plaintiffs").

54.    On March 8, 2016, local residents in and around the Riverview Community Schools, including Wayne County, will be asked to vote on a statutory 18 mill bond proposal for operating purposes totaling more than $1.8 million.

55.    The Riverview Plaintiffs intended to use public resources to communicate to and educate local residents, in an objectively neutral manner, about the ballot question during the 60-day period leading up to the March 2016 election using mass mailings because it has proven to be the most effective at

reaching the largest audience, including those without regular access to internet or other digital media.

56.    For example, the Riverview Plaintiffs planned to generate mass mailings to provide to residents content-neutral election reminders, an overview of projects for which the money is to be used, reasons for the bond proposal, meetings dates, and ballot language.

**Superintendent & School Board President, Tecumseh Public Schools**

57.    Plaintiff Kelly Coffin, Ed.D. is a resident of Tecumseh, Michigan and is a public official, serving as the Superintendent for Tecumseh Public Schools; Plaintiff Kimberly Amstutz-Wild is a resident of Tecumseh, Michigan and is an elected public official, serving as the President of the Board of Education for Tecumseh Public Schools (collectively the "Tecumseh Plaintiffs").

58.    On March 8, 2016, local residents in and around the Tecumseh Public Schools, including Lenawee County, will be asked to vote on a proposal for a 0.25 mill renewal to operate a system of public recreation and playgrounds.

59.    The Tecumseh Plaintiffs intended to use public resources to communicate to and educate local residents, in an objectively neutral manner, about the ballot question during the 60-day period leading up to the March 2016 election using mass mailings, because it has proven to be the most effective at

reaching the largest audience, including those without regular access to internet, television, or telephone.

60.   For example, the Tecumseh Plaintiffs planned to generate mass mailings to provide to residents objectively neutral information about the ballot question, including election reminders and explanations about how past millage funds had been used, how millage funds would be used if the March 2016 ballot proposal were to pass, and the number of mills proposed.

**Superintendent & School Board President, Waterford School District**

61.   Plaintiff Keith Wunderlich, Ed.D, is a resident of Troy, Michigan and is a public official, serving as the Superintendent of the Waterford School District; Plaintiff Robert Seeterlin is a resident of Waterford, Michigan and is an elected public official, serving as the President of the Board of Education for Waterford School District (collectively the "Waterford Plaintiffs").

62.   On March 8, 2016, local residents in and around the Waterford School District, including Oakland County, will be asked to vote on a $100,000,000 building and site, general obligation unlimited tax bond proposal, payable from general *ad valorem* taxes.

63.   The Waterford Plaintiffs intended to use public resources to communicate to and educate local residents, in an objectively neutral manner, about the ballot question during the 60-day period leading up to the March 2016

16

election using mass mailings because it has proven to be the most effective at reaching the largest audience, including those without regular access to internet, television, or telephone.

64.    For example, the Waterford Plaintiffs planned to use mass mailings to provide to residents content-neutral election reminders, an overview of projects for which the money is to be used, reasons for the bond proposal, meetings dates, and ballot language.

## Superintendent, Goodrich Area Schools

65.    Plaintiff Michelle Imbrunone resides in Macomb, Michigan and is a public official, serving as the Superintendent of the Goodrich Area Schools.

66.    On March 8, 2016, local residents in and around Goodrich Area Schools, including Genesee, Oakland, and Lapeer Counties, are being asked to vote on a statutory, 18 mill renewal bond proposal for operating purposes, along with a 2.3698 mill Headlee override bond proposal, totaling more than $1.1 million.

67.    Superintendent Imbrunone intended to communicate to and educate local residents, in an objectively neutral manner, about the ballot question during the 60-day period leading up to an election using mass mailings to reach the largest audience, including those without regular access to internet, television, or telephone.

17

68.    Specifically, Superintendent Imbrunone intended to, among other things, educate local residents about the factual difference between a millage renewal bond and a millage increase using the now-criminal means of communication under Subsection 57(3).

**Superintendent, Clinton Community Schools**

69.    Plaintiff David P. Pray is a resident within the Clinton Community School District and is a public official, serving as the Superintendent of Clinton County Community Schools.

70.    On March 8, 2016, residents in and around Clinton Community Schools, including Lenawee and Washtenaw Counties, are being asked to vote on a statutory, non-homestead 18 mill renewal bond proposal for operating purposes over $947,000.

71.    Superintendent Pray intended to use public resources to communicate to and educate local residents, in an objectively neutral manner, about the ballot questions during the 60-day period leading up to an election using mass mailings to reach the largest audience, including those without regular access to internet, television, or telephone.

72.    The objectively neutral information would necessarily include an explanation of what "non-homestead" means and what the statutory 18 mill requirement means.

**Superintendent & School Board President, Byron Area Schools**

73.    Plaintiff Patricia Murphy-Alderman is a resident of Shiawassee County and is a public official, serving as Superintendent of the Byron Area Schools; Plaintiff Amy Lawrence is a resident of Livingston County and is an elected official, serving as the Byron Areas Schools Board President (collectively the "Byron Plaintiffs").

74.    On March 8, 2016, eligible voters in and around Byron, including Shiawassee, Livingston, and Genesee Counties, will be asked to consider a ballot question for a $534,000 sinking fund bond renewal for building renovations and related matters.

75.    The Byron Plaintiffs intended to communicate to and educate local residents, in an objectively neutral manner, about the ballot question during the 60-day period leading up to an election using mass mailings because those means would be the most effective at reaching the largest audience, including those without regular access to internet, television, or telephone.

**Superintendent, Warren Consolidated School District**

76.    Plaintiff Robert D. Livernois, Ph.D., resides in Troy, Michigan and is a public official, serving as Superintendent of the Warren Consolidated School District.

77.    Superintendent Livernois anticipates that Warren Consolidated School District will ask local residents to consider on May 3, 2016 a $134 million bond proposal for school improvements.

78.    Superintendent Livernois intends to use public resources to communicate to and educate local residents, in an objectively neutral manner, about the ballot question during the 60-day period leading up to the election using mass mailings, radio communications, televisions communications, and pre-recorded telephone messages because those means would be the most effective at reaching the largest audience, including those without regular access to internet or other digital media.

**Superintendent, Lansing School District**

79.    Plaintiff Yvonne Caamal Canul is a resident of Clinton County and is a public official, serving as Superintendent of the Lansing School District.

80.    On May 3, 2016, voters within the Lansing School District will be asked to consider a ballot question for a $120 million bond investment in the school system.  Specifically, the 2016 Lansing Pathway Promise Bond will replace a 1.5 mill sinking fund and will increase the millage rate an additional .75 mill, for a total levy of 2.25 mills.  If it were to pass, the funds would be used for a variety of purposes, including technology, security, furniture, athletic fields, and facilities upgrades to house educational programs such as STEM/STEAM, International

Baccalaureate, Chinese language immersion, Spanish language immersion biotechnology, New Tech High, visual/performance arts, and elementary school programs.

81.    During her tenure, Superintendent Caamal Canul has, while expending public funds, authorized the use of and relied upon mass mailings, television and radio messaging, and pre-recorded telephone calls to educate Lansing-area residents, in an objectively neutral manner, about ballot questions during the 60-day period leading up to an election because those means have proven to be the most effective at reaching the largest audience, including those without regular access to internet, television, or telephone, such as elderly residents, linguistically diverse communities, and residents in economically depressed areas in and around the City.

82.    Because of Subsection 57(3) of Act 269, including its threat of criminal penalty, these public officials, elected and appointed, must refrain from engaging in the above-described core political speech, and other similar communications, with local residents.

83.    Although many of the Plaintiffs here are public officials, they "are not relegated to a watered-down version of constitutional rights" on account of being public servants. *Garrity v. State of N.J.*, 385 U.S. 493, 500, 87 S. Ct. 616, 620, 17 L. Ed. 2d 562 (1967).

**Stephen Purchase**

84.    Plaintiff Stephen Purchase is a Michigan citizen, registered voter, property owner, and resident of Lansing, Michigan where he will be asked to vote for or against the local bond proposal described above related to the Lansing School District.

85.    Mr. Purchase has a child who will attend public school within the Lansing School District.   He has not decided how he will vote on the bond proposal.   To make that decision, he would normally rely on public officials to educate him about the details of the bond proposal, including its pros and cons, by way of mass mailing, radio, television, and pre-recorded telephone messages during the 60 days before the election.

86.    Mr. Purchase has the constitutional right to receive information from his local public officials about matters of public concern, including ballot questions, by effective means.

87.    Because of Subsection 57(3) of Act 269, Mr. Purchase cannot receive objectively neutral information from his local officials about local ballot questions by effective means.

**Defendant Ruth Johnson, Secretary of State**

88.    Defendant Secretary of State ("SOS"), Ruth Johnson, is part of the State of Michigan's executive branch, serves as the Chief Elections Officer of the

State of Michigan, and is responsible for administering and enforcing Michigan's Campaign Finance Act.  M.C.L. 169.215.  The SOS maintains offices, conducts business, and resides within this Court's jurisdiction.  Upon information and belief, the SOS resides within the Eastern District of Michigan.

89.    This Court has personal jurisdiction over the SOS and the Michigan Department of State.

**Defendant State of Michigan**

90.    Defendant State of Michigan, through its legislative and executive branches of government enacted Subsection 57(3) of Act 269 into law.  The State of Michigan resides, maintains offices, and conducts its business within the Court's jurisdiction; and this Court has personal jurisdiction over the State of Michigan.

91.    At all times relevant to this complaint, Defendants were acting under color of law.

## JURISDICTION AND VENUE

92.    Plaintiffs seek a declaration that Subsection 57(3) of Act 269 is unconstitutional, in violation of the First and Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983; and request both preliminary and permanent injunctive relief prohibiting Defendants from enforcing Subsection 57(3) of Act 269.  See Fed. R. Civ. P. 65 (providing for injunctive relief).

93.     Jurisdiction is proper under 28 U.S.C. §§ 1331, 1343, and 2201 because this is a civil action seeking declaratory, injunctive, and other relief for the deprivation of rights secured by the United States Constitution.

94.     Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391, because it is the judicial district where Defendants conduct business, are located, and reside, and where the majority of the events and omissions giving rise to this action occurred.

### SUBSECTION 57(3) of ACT 269 IS UNCONSTITUTIONAL

### COUNT 1 (FREE SPEECH):  VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983

95.     Plaintiffs incorporate herein by reference the preceding allegations as if restated in full.

96.     The First Amendment of the U.S. Constitution states:  "Congress shall make no law…abridging the freedom of speech..."

97.     The First Amendment applies to the states through the Fourteenth Amendment.

98.     All persons violating the First Amendment under color of state law are liable in equity and at law under 42 U.S.C. § 1983.

99.     Disseminating objectively neutral information about local ballot questions is core political speech where First Amendment protection is said to be "at its zenith."

100.   To survive a challenge under the First Amendment of the U.S. Constitution, a statute restricting speech must be narrowly tailored to achieve a compelling state interest.

101.   There is no compelling state interest in prohibiting public officials from communication in an objectively neutral manner with their electorates regarding local ballot questions.

102.   No circumstances exist in which the enforcement of Subsection 57(3) of Act 269 would be constitutional.

103.   Subsection 57(3) of Act 269 is also a prior restraint on objectively neutral information related to core political speech, in that it absolutely bars speech about important current events in the form of a gag order during the critical 60-day period before an election.

104.   Furthermore, Subsection 57(3) of Act 269 improperly discriminates among different speakers, permitting speech by some but not others during the critical 60-day period before an election.  *See* MCL 169.247 and 169.257(3).

105.   Thus, Subsection 57(3) of Act 269 violates the First Amendment on its face.

106.   Subsection 57(3) of Act 269 also violates the First Amendment as applied to Plaintiffs because they intended or intend to engage in objectively neutral, core political speech now made a crime by Act 269.

107.   Plaintiffs, whose local ballot questions appear on ballots in March and May 2016 elections, are suffering and will continue to suffer immediate irreparable harm as a result of the unconstitutionality of Subsection 57(3) of Act 269 because they are prohibited from engaging in speech based on its content.

108.   Plaintiffs have no adequate remedy at law and, thus, require preliminary and permanent injunctive relief.

### COUNT 2 (SUBSTANTIVE DUE PROCESS): VIOLATION OF THE FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983

109.   Plaintiffs incorporate herein by reference the preceding allegations as if restated in full.

110.   The Fourteenth Amendment of the U.S. Constitution states:  "[N]or shall any State deprive any person of life, liberty or property, without due process of law."

111.   The Fourteenth Amendment to the U.S. Constitution, thus, guarantees due process of law, which includes a substantive component forbidding the government from infringing fundamental liberty interests, like free speech, unless the infringement is narrowly tailored to serve a compelling state interest.

112.   There is no compelling state interest in making it a crime for public officials to communicate in an objectively neutral manner with their electorates regarding local ballot questions.

113.   Subsection 57(3) of Act 269, however, prohibits the free exchange of objectively neutral information to an electorate about local ballot questions, and it makes doing so a crime, subject to heavy civil penalties.

114.   Subsection 57(3) of Act 269 is void for vagueness.  Its overly broad and vague language provides inadequate guidance and is ripe for arbitrary enforcement because it is not clear what conduct is criminal and what conduct is legal by prohibiting "communications by means of radio, television, mass mailing, or prerecorded telephone message" if it merely "references a local ballot question."

115.   For example, it is unclear whether a public official is committing a crime if, during a public body's meeting or a town hall meeting, she references a ballot question and the meeting is televised or broadcast over the radio.

116.   Thus, Subsection 57(3) of Act 269 places each public official Plaintiff's liberty at stake, causing immediate and irreparable injury.

117.   Plaintiffs have no adequate remedy at law and, thus, require preliminary and permanent injunctive relief.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs respectfully request that this Court:

A.    Enter judgment in favor of Plaintiffs and against Defendants;

B.    Declare Subsection 57(3) of Act 269 unconstitutional as written;

C.    Declare that Subsection 57(3) of Act 269 is unconstitutional as applied to Plaintiffs, and, accordingly, that measures undertaken to

27

restrict Plaintiffs from disseminating objectively neutral information about ballot questions pursuant thereto are unconstitutional, and therefore unenforceable;

D.   Temporarily, preliminarily, and permanently enjoin Defendants from enforcing Subsection 57(3) of Act 269 or acting pursuant to Subsection 57(3) of Act 269 to restrict Plaintiffs from disseminating objectively neutral information about ballot questions;

E.   Award Plaintiffs costs and attorneys' fees pursuant to 42 U.S.C. § 1988; and

F.   Grant or award such other relief as the Court may deem just, equitable or appropriate under the circumstances.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK and STONE, P.L.C.

/s/ *Scott R. Eldridge*
Scott R. Eldridge (P66452)
Michael J. Hodge (P25146)
*Attorneys for Plaintiffs*
One Michigan Avenue
Lansing MI 48933
eldridge@millercanfield.com
hodge@millercanfield.com

Jerome R. Watson (P27082)
Brian M. Schwartz (P69018)
*Attorneys for Plaintiffs*
150 West Jefferson, Suite 2500
Detroit, MI  48226
(313) 963-6420
schwartzb@millercanfield.com
watson@millercanfield.com

Dated:  January 26, 2016

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

general allegations and those that relate specifically to my local ballot question are

true and correct to the best of my information, knowledge, and belief.

Robert Taylor, Mayor, City of Roseville

Executed on: JAN 25 2016
Date

Douglas R. Alexander, City Manager, Algonac

Executed on: _____
Date

Matthew Bierlein, County Commissioner,
Tuscola County

Executed on: _____
Date

Donald Lyons, Mayor, City of Dowagiac

Executed on: _____
Date

Todd R. Robinson, Superintendent,
New Haven Community Schools

Executed on: _____
Date

## <u>VERIFICATION</u>

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

general allegations and those that relate specifically to my local ballot question are

true and correct to the best of my information, knowledge, and belief.

_____         Executed on: _____
Robert Taylor, Mayor, City of Roseville                                        Date

_____         Executed on: __1/25/16__
Douglas R. Alexander, City Manager, Algonac                          Date

_____         Executed on: _____
Matthew Bierlein, County Commissioner,                               Date
Tuscola County

_____         Executed on: _____
Donald Lyons, Mayor, City of Dowagiac                                Date

_____         Executed on: _____
Todd R. Robinson, Superintendent,                                        Date
New Haven Community Schools

_____         Executed on: _____
Russell Pickell, Superintendent,                                             Date
Riverview Community Schools

_____         Executed on: _____
Gary O'Brien, School Board President,                                    Date
Riverview Community Schools

_____         Executed on: _____
Kelly Coffin, Ed.D., Superintendent,                                      Date
Tecumseh Public Schools

_____         Executed on: _____
Kimberly Amstutz-Wild, School Board President,                    Date
Tecumseh Public Schools

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

general allegations and those that relate specifically to my local ballot question are

true and correct to the best of my information, knowledge, and belief.

_____           Executed on: _____
Robert Taylor, Mayor, City of Roseville                     Date


_____           Executed on: _____
Douglas R. Alexander, City Manager, Algonac                 Date


_____           Executed on: _1 - 25 - 16_
Matthew Bierlein, County Commissioner,                      Date
Tuscola County


_____           Executed on: _____
Donald Lyons, Mayor, City of Dowagiac                       Date


_____           Executed on: _____
Todd R. Robinson, Superintendent,                           Date
New Haven Community Schools

**VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

general allegations and those that relate specifically to my local ballot question are

true and correct to the best of my information, knowledge, and belief.

| | |
|---|---|
| _____ | Executed on: _____ |
| Robert Taylor, Mayor, City of Roseville | Date |
| _____ | Executed on: _____ |
| Douglas R. Alexander, City Manager, Algonac | Date |
| _____ | Executed on: _____ |
| Matthew Bierlein, County Commissioner, Tuscola County | Date |
| _____ | Executed on: _1-25-2016_ |
| Donald Lyons, Mayor, City of Dowagiac | Date |
| _____ | Executed on: _____ |
| Todd R. Robinson, Superintendent, New Haven Community Schools | Date |

# **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing general allegations and those that relate specifically to my local ballot question are true and correct to the best of my information, knowledge, and belief.

_____       Executed on: _____
Robert Taylor, Mayor, City of Roseville                    Date

_____       Executed on: _____
Douglas R. Alexander, City Manager, Algonac                Date

_____       Executed on: _____
Matthew Bierlein, County Commissioner,                     Date
Tuscola County

_____       Executed on: _____
Donald Lyons, Mayor, City of Dowagiac                      Date

_____       Executed on: _1-25-16_
Todd R. Robinson, Superintendent,                          Date
New Haven Community Schools

_____       Executed on: _____
Russell Pickell, Superintendent,                           Date
Riverview Community Schools

_____       Executed on: _____
Gary O'Brien, School Board President,                      Date
Riverview Community Schools

_____       Executed on: _____
Kelly Coffin, Ed.D., Superintendent,                       Date
Tecumseh Public Schools

_____       Executed on: _____
Kimberly Amstutz-Wild, School Board President,             Date
Tecumseh Public Schools

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

general allegations and those that relate specifically to my local ballot question are

true and correct to the best of my information, knowledge, and belief.

_____     Executed on: _____

Robert Taylor, Mayor, City of Roseville                            Date


_____     Executed on: _____

Douglas R. Alexander, City Manager, Algonac                       Date


_____     Executed on: _____

Matthew Bierlein, County Commissioner,                            Date
Tuscola County


_____     Executed on: _____

Donald Lyons, Mayor, City of Dowagiac                             Date


_____     Executed on: _____

Todd R. Robinson, Superintendent,                                 Date
New Haven Community Schools

_____                Executed on: _January 25, 2016_
Russell Pickell, Superintendent,                                Date
Riverview Community Schools


_____                Executed on: _____
Gary O'Brien, School Board President,                           Date
Riverview Community Schools


_____                Executed on: _____
Kelly Coffin, Ed.D., Superintendent,                            Date
Tecumseh Public Schools


_____                Executed on: _____
Kimberly Amstutz-Wild, School Board President,                  Date
Tecumseh Public Schools

_____                Executed on: _____
Keith Wunderlich, Ed.D., Superintendent,                        Date
Waterford School District


_____                Executed on: _____
Robert Seeterlin, School Board President,                       Date
Waterford School District


_____                Executed on: _____
Michelle Imbrunone, Superintendent,                             Date
Goodrich Area Schools


_____                Executed on: _____
David P. Pray, Superintendent,                                  Date
Clinton Community Schools


_____                Executed on: _____
Patricia Murphy-Alderman, Superintendent,                       Date
Byron Area Schools


_____                Executed on: _____
Amy Lawrence, School Board President,                           Date
Byron Area Schools

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing general allegations and those that relate specifically to my local ballot question are true and correct to the best of my information, knowledge, and belief.

_____          Executed on: _____
Robert Taylor, Mayor, City of Roseville                              Date

_____          Executed on: _____
Douglas R. Alexander, City Manager, Algonac                         Date

_____          Executed on: _____
Matthew Bierlein, County Commissioner,                              Date
Tuscola County

_____          Executed on: _____
Donald Lyons, Mayor, City of Dowagiac                               Date

_____          Executed on: _____
Todd R. Robinson, Superintendent,                                   Date
New Haven Community Schools

_____          Executed on: _____
Russell Pickell, Superintendent,                                    Date
Riverview Community Schools

_____          Executed on: 1/25/16
Gary O'Brien, School Board President,                               Date
Riverview Community Schools

_____          Executed on: _____
Kelly Coffin, Ed.D., Superintendent,                                Date
Tecumseh Public Schools

_____          Executed on: _____
Kimberly Amstutz-Wild, School Board President,                      Date
Tecumseh Public Schools

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

general allegations and those that relate specifically to my local ballot question are

true and correct to the best of my information, knowledge, and belief.

_____               Executed on: _____
Robert Taylor, Mayor, City of Roseville                        Date

_____               Executed on: _____
Douglas R. Alexander, City Manager, Algonac                    Date

_____               Executed on: _____
Matthew Bierlein, County Commissioner,                         Date
Tuscola County

_____               Executed on: _____
Donald Lyons, Mayor, City of Dowagiac                          Date

_____               Executed on: _____
Todd R. Robinson, Superintendent,                              Date
New Haven Community Schools

_____               Executed on: _____
Russell Pickell, Superintendent,                               Date
Riverview Community Schools

_____               Executed on: _____
Gary O'Brien, School Board President,                          Date
Riverview Community Schools

_____               Executed on: 1-25-2016
Kelly Coffin, Ed.D., Superintendent,                           Date
Tecumseh Public Schools

_____               Executed on: 1-25-2016
Kimberly Amstutz-Wild, School Board President,                 Date
Tecumseh Public Schools

## <u>VERIFICATION</u>

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing general allegations and those that relate specifically to my local ballot question are true and correct to the best of my information, knowledge, and belief.

_____        Executed on: _____
Robert Taylor, Mayor, City of Roseville                     Date

_____        Executed on: _____
Douglas R. Alexander, City Manager, Algonac                 Date

_____        Executed on: _____
Matthew Bierlein, County Commissioner,                      Date
Tuscola County

_____        Executed on: _____
Donald Lyons, Mayor, City of Dowagiac                       Date

_____        Executed on: _____
Todd R. Robinson, Superintendent,                           Date
New Haven Community Schools

_____        Executed on: _____
Russell Pickell, Superintendent,                            Date
Riverview Community Schools

_____        Executed on: _____
Gary O'Brien, School Board President,                       Date
Riverview Community Schools

_____        Executed on: _____
Kelly Coffin, Ed.D., Superintendent,                        Date
Tecumseh Public Schools

_____        Executed on: _____
Kimberly Amstutz-Wild, School Board President,              Date
Tecumseh Public Schools

_____     Executed on: _1/25/16__
Keith Wunderlich, Ed.D., Superintendent,              Date
Waterford School District


_____     Executed on: _____
Robert Seeterlin, School Board President,             Date
Waterford School District


_____     Executed on: _____
Michelle Imbrunone, Superintendent,                  Date
Goodrich Area Schools


_____     Executed on: _____
David P. Pray, Superintendent,                       Date
Clinton Community Schools


_____     Executed on: _____
Patricia Murphy-Alderman, Superintendent,            Date
Byron Area Schools


_____     Executed on: _____
Amy Lawrence, School Board President,                Date
Byron Area Schools


_____     Executed on: _____
Robert D. Livernois, Ed.D., Superintendent,          Date
Warren Consolidated School District


_____     Executed on: _____
Yvonne Caamal Canul, Superintendent,                 Date
Lansing School District


_____     Executed on: _____
Stephen Purchase                                     Date

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing general allegations and those that relate specifically to my local ballot question are true and correct to the best of my information, knowledge, and belief.

_____      Executed on: _____
Robert Taylor, Mayor, City of Roseville                     Date


_____      Executed on: _____
Douglas R. Alexander, City Manager, Algonac          Date


_____      Executed on: _____
Matthew Bierlein, County Commissioner,                Date
Tuscola County


_____      Executed on: _____
Donald Lyons, Mayor, City of Dowagiac              Date


_____      Executed on: _____
Todd R. Robinson, Superintendent,                   Date
New Haven Community Schools


_____      Executed on: _____
Russell Pickell, Superintendent,                     Date
Riverview Community Schools


_____      Executed on: _____
Gary O'Brien, School Board President,             Date
Riverview Community Schools


_____      Executed on: _____
Kelly Coffin, Ed.D., Superintendent,              Date
Tecumseh Public Schools


_____      Executed on: _____
Kimberly Amstutz-Wild, School Board President,    Date
Tecumseh Public Schools

_____      Executed on: _____

Keith Wunderlich, Ed.D., Superintendent,                              Date
Waterford School District

_____      Executed on: *1-25-16*

Robert Seeterlin, School Board President,                             Date
Waterford School District

_____      Executed on: _____

Michelle Imbrunone, Superintendent,                                   Date
Goodrich Area Schools

_____      Executed on: _____

David P. Pray, Superintendent,                                        Date
Clinton Community Schools

_____      Executed on: _____

Patricia Murphy-Alderman, Superintendent,                          Date
Byron Area Schools

_____      Executed on: _____

Amy Lawrence, School Board President,                               Date
Byron Area Schools

_____      Executed on: _____

Robert D. Livernois, Ed.D., Superintendent,                         Date
Warren Consolidated School District

_____      Executed on: _____

Yvonne Caamal Canul, Superintendent,                               Date
Lansing School District

_____      Executed on: _____

Stephen Purchase                                                     Date

## **<u>VERIFICATION</u>**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

general allegations and those that relate specifically to my local ballot question are

true and correct to the best of my information, knowledge, and belief.

_____          Executed on:  _____
Robert Taylor, Mayor, City of Roseville                                        Date

_____          Executed on:  _____
Douglas R. Alexander, City Manager, Algonac                       Date

_____          Executed on:  _____
Matthew Bierlein, County Commissioner,                                Date
Tuscola County

_____          Executed on:  _____
Donald Lyons, Mayor, City of Dowagiac                                 Date

_____          Executed on:  _____
Todd R. Robinson, Superintendent,                                         Date
New Haven Community Schools

_____          Executed on:  _____
Russell Pickell, Superintendent,                                              Date
Riverview Community Schools

_____          Executed on:  _____
Gary O'Brien, School Board President,                                    Date
Riverview Community Schools

_____          Executed on:  _____
Kelly Coffin, Ed.D., Superintendent,                                      Date
Tecumseh Public Schools

_____          Executed on:  _____
Kimberly Amstutz-Wild, School Board President,                 Date
Tecumseh Public Schools

_____     Executed on: _____
Keith Wunderlich, Ed.D., Superintendent,                           Date
Waterford School District


_____     Executed on: _____
Robert Seeterlin, School Board President,                          Date
Waterford School District

*Michelle Imbrunone*                      Executed on: *January 22, 2016*
_____                      Date
Michelle Imbrunone, Superintendent,
Goodrich Area Schools


_____     Executed on: _____
David P. Pray, Superintendent,                                     Date
Clinton Community Schools


_____     Executed on: _____
Patricia Murphy-Alderman, Superintendent,                          Date
Byron Area Schools


_____     Executed on: _____
Amy Lawrence, School Board President,                              Date
Byron Area Schools


_____     Executed on: _____
Robert D. Livernois, Ed.D., Superintendent,                        Date
Warren Consolidated School District


_____     Executed on: _____
Yvonne Caamal Canul, Superintendent,                               Date
Lansing School District


_____     Executed on: _____
Stephen Purchase                                                   Date

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

general allegations and those that relate specifically to my local ballot question are

true and correct to the best of my information, knowledge, and belief.

_____          Executed on: _____
Robert Taylor, Mayor, City of Roseville                                   Date


_____          Executed on: _____
Douglas R. Alexander, City Manager, Algonac                          Date


_____          Executed on: _____
Matthew Bierlein, County Commissioner,                               Date
Tuscola County


_____          Executed on: _____
Donald Lyons, Mayor, City of Dowagiac                                 Date


_____          Executed on: _____
Todd R. Robinson, Superintendent,                                     Date
New Haven Community Schools

_____                Executed on: _____
Russell Pickell, Superintendent,                        Date
Riverview Community Schools


_____                Executed on: _____
Gary O'Brien, School Board President,                   Date
Riverview Community Schools


_____                Executed on: _____
Kelly Coffin, Ed.D., Superintendent,                    Date
Tecumseh Public Schools


_____                Executed on: _____
Kimberly Amstutz-Wild, School Board President,          Date
Tecumseh Public Schools
                                         Executed on: _____
_____                               Date
Keith Wunderlich, Ed.D., Superintendent,
Waterford School District


_____                Executed on: _____
Robert Seeterlin, School Board President,               Date
Waterford School District


_____                Executed on: _____
Michelle Imbrunone, Superintendent,                     Date
Goodrich Area Schools

_____                Executed on: ___01/25/16___
David P. Pray, Superintendent,                          Date
Clinton Community Schools


_____                Executed on: _____
Patricia Murphy-Alderman, Superintendent,               Date
Byron Area Schools


_____                Executed on: _____
Amy Lawrence, School Board President,                   Date
Byron Area Schools

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

general allegations and those that relate specifically to my local ballot question are

true and correct to the best of my information, knowledge, and belief.

_____          Executed on: _____
Robert Taylor, Mayor, City of Roseville                              Date


_____          Executed on: _____
Douglas R. Alexander, City Manager, Algonac                    Date


_____          Executed on: _____
Matthew Bierlein, County Commissioner,                          Date
Tuscola County


_____          Executed on: _____
Donald Lyons, Mayor, City of Dowagiac                           Date


_____          Executed on: _____
Todd R. Robinson, Superintendent,                                  Date
New Haven Community Schools

_____     Executed on: _____
Russell Pickell, Superintendent,                                    Date
Riverview Community Schools


_____     Executed on: _____
Gary O'Brien, School Board President,                              Date
Riverview Community Schools


_____     Executed on: _____
Kelly Coffin, Ed.D., Superintendent,                               Date
Tecumseh Public Schools


_____     Executed on: _____
Kimberly Amstutz-Wild, School Board President,                     Date
Tecumseh Public Schools

_____     Executed on: _____
Keith Wunderlich, Ed.D., Superintendent,                           Date
Waterford School District


_____     Executed on: _____
Robert Seeterlin, School Board President,                          Date
Waterford School District


_____     Executed on: _____
Michelle Imbrunone, Superintendent,                                Date
Goodrich Area Schools


_____     Executed on: _____
David P. Pray, Superintendent,                                     Date
Clinton Community Schools


_____     Executed on: __1/25/16___
Patricia Murphy-Alderman, Superintendent,                          Date
Byron Area Schools


_____     Executed on: __1/25/16___
Amy Lawrence, School Board President,                              Date
Byron Area Schools

# **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

general allegations and those that relate specifically to my local ballot question are

true and correct to the best of my information, knowledge, and belief.

_____        Executed on: _____
Robert Taylor, Mayor, City of Roseville                             Date

_____        Executed on: _____
Douglas R. Alexander, City Manager, Algonac                 Date

_____        Executed on: _____
Matthew Bierlein, County Commissioner,                          Date
Tuscola County

_____        Executed on: _____
Donald Lyons, Mayor, City of Dowagiac                           Date

_____        Executed on: _____
Todd R. Robinson, Superintendent,                                   Date
New Haven Community Schools

_____        Executed on: _____
Russell Pickell, Superintendent,                                       Date
Riverview Community Schools

_____        Executed on: _____
Gary O'Brien, School Board President,                             Date
Riverview Community Schools

_____        Executed on: _____
Kelly Coffin, Ed.D., Superintendent,                               Date
Tecumseh Public Schools

_____        Executed on: _____
Kimberly Amstutz-Wild, School Board President,             Date
Tecumseh Public Schools

_____          Executed on: _____
Keith Wunderlich, Ed.D., Superintendent,                    Date
Waterford School District


_____          Executed on: _____
Robert Seeterlin, School Board President,                   Date
Waterford School District


_____          Executed on: _____
Michelle Imbrunone, Superintendent,                         Date
Goodrich Area Schools


_____          Executed on: _____
David P. Pray, Superintendent,                              Date
Clinton Community Schools


_____          Executed on: _____
Patricia Murphy-Alderman, Superintendent,                   Date
Byron Area Schools


_____          Executed on: _____
Amy Lawrence, School Board President,                       Date
Byron Area Schools


_____          Executed on: 1/25/16
Robert D. Livernois, Ed.D., Superintendent,                 Date
Warren Consolidated School District


_____          Executed on: _____
Yvonne Caamal Canul, Superintendent,                        Date
Lansing School District


_____          Executed on: _____
Stephen Purchase                                            Date

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing general allegations and those that relate specifically to my local ballot question are true and correct to the best of my information, knowledge, and belief.

_____     Executed on: _____
Robert Taylor, Mayor, City of Roseville                          Date

_____     Executed on: _____
Douglas R. Alexander, City Manager, Algonac                      Date

_____     Executed on: _____
Matthew Bierlein, County Commissioner,                           Date
Tuscola County

_____     Executed on: _____
Donald Lyons, Mayor, City of Dowagiac                            Date

_____     Executed on: _____
Todd R. Robinson, Superintendent,                                Date
New Haven Community Schools

_____          Executed on: _____
Russell Pickell, Superintendent,                              Date
Riverview Community Schools


_____          Executed on: _____
Gary O'Brien, School Board President,                        Date
Riverview Community Schools


_____          Executed on: _____
Kelly Coffin, Ed.D., Superintendent,                         Date
Tecumseh Public Schools


_____          Executed on: _____
Kimberly Amstutz-Wild, School Board President,               Date
Tecumseh Public Schools

_____          Executed on: _____
Keith Wunderlich, Ed.D., Superintendent,                     Date
Waterford School District


_____          Executed on: _____
Robert Seeterlin, School Board President,                    Date
Waterford School District


_____          Executed on: _____
Michelle Imbrunone, Superintendent,                          Date
Goodrich Area Schools


_____          Executed on: _____
David P. Pray, Superintendent,                               Date
Clinton Community Schools


_____          Executed on: _____
Patricia Murphy-Alderman, Superintendent,                    Date
Byron Area Schools


_____          Executed on: _____
Amy Lawrence, School Board President,                        Date
Byron Area Schools

_____          Executed on: _____
Robert D. Livernois, Ed.D., Superintendent,                    Date
Warren Consolidated School District


_____          Executed on: _1/25/16_
Yvonne Caamal Canul, Superintendent,                      Date
Lansing School District


_____          Executed on: _____
Stephen Purchase                                         Date

**<u>VERIFICATION</u>**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

general allegations and those that relate specifically to my local ballot question are

true and correct to the best of my information, knowledge, and belief.

_____   Executed on: _____
Robert Taylor, Mayor, City of Roseville                    Date

_____   Executed on: _____
Douglas R. Alexander, City Manager, Algonac            Date

_____   Executed on: _____
Matthew Bierlein, County Commissioner,                    Date
Tuscola County

_____   Executed on: _____
Donald Lyons, Mayor, City of Dowagiac                     Date

_____   Executed on: _____
Todd R. Robinson, Superintendent,                          Date
New Haven Community Schools

_____     Executed on: _____
Russell Pickell, Superintendent,                        Date
Riverview Community Schools


_____     Executed on: _____
Gary O'Brien, School Board President,                   Date
Riverview Community Schools


_____     Executed on: _____
Kelly Coffin, Ed.D., Superintendent,                    Date
Tecumseh Public Schools


_____     Executed on: _____
Kimberly Amstutz-Wild, School Board President,          Date
Tecumseh Public Schools
_____     Executed on: _____
Keith Wunderlich, Ed.D., Superintendent,                Date
Waterford School District


_____     Executed on: _____
Robert Seeterlin, School Board President,               Date
Waterford School District


_____     Executed on: _____
Michelle Imbrunone, Superintendent,                     Date
Goodrich Area Schools


_____     Executed on: _____
David P. Pray, Superintendent,                          Date
Clinton Community Schools


_____     Executed on: _____
Patricia Murphy-Alderman, Superintendent,               Date
Byron Area Schools


_____     Executed on: _____
Amy Lawrence, School Board President,                   Date
Byron Area Schools

_____

Robert D. Livernois, Ed.D., Superintendent,
Warren Consolidated School District

Executed on: _____

                      Date

_____

Yvonne Caamal Canul, Superintendent,
Lansing School District

Executed on: _____

                      Date

_____

Stephen Purchase

Executed on: 1/25/16

                      Date