UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT TAYLOR, Mayor, City of Roseville;
DOUGLAS R. ALEXANDER, City Manager, City of Algonac;
MATTHEW BIERLEIN, County Commissioner, Tuscola County;
DONALD LYONS, Mayor, City of Dowagiac;
TODD R. ROBINSON, Superintendent, New Haven Community Schools;
RUSSELL PICKELL, Superintendent, Riverview Community Schools;
GARY O'BRIEN, School Board President, Riverview Community Schools;
KELLY COFFIN, Superintendent, Tecumseh Public Schools;
KIMBERLY AMSTUTZ-WILD, School Board President, Tecumseh Public
Schools; KEITH WUNDERLICH, Superintendent, Waterford School District;
ROBERT SEETERLIN, School Board President, Waterford School District;
MICHELLE IMBRUNONE, Superintendent, Goodrich Area Schools;
DAVID P. PRAY, Superintendent, Clinton Community Schools;
PATRICIA MURPHY-ALDERMAN, Superintendent, Byron Area Schools;
AMY LAWRENCE, School Board President, Byron Area Schools;
ROBERT D. LIVERNOIS, Superintendent, Warren Consolidated School District;
YVONNE CAAMAL CANUL, Superintendent, Lansing School District,
*in their individual and official capacities*; and
STEPHEN PURCHASE, *in his individual capacity*,

      Plaintiffs,

                                       Hon.  John Corbett O'Meara
v.                                   Mag. Judge R. Steven Whalen

RUTH JOHNSON, in her official         Case No. 2:16-cv-10256
capacity as Secretary of the State of Michigan;
MICHIGAN DEPARTMENT OF STATE; and    **Hearing Date:**
STATE OF MICHIGAN,               **Feb. 4, 2016 at 10:00 AM**

      Defendants.
_____

**Reply Brief in Support of Plaintiffs' *Ex Parte* Motion for a
Temporary Restraining Order and a Preliminary Injunction**

(attorneys listed on following page)

Miller, Canfield, Paddock and Stone, P.L.C.
Scott R. Eldridge (P66452)
Michael J. Hodge (P25146)
*Attorneys for Plaintiffs*
One Michigan Avenue
Lansing MI 48933
eldridge@millercanfield.com
hodge@millercanfield.com

Miller, Canfield, Paddock and Stone, P.L.C.
Jerome R. Watson (P27082)
Brian M. Schwartz (P69018)
*Attorneys for Plaintiffs*
150 West Jefferson, Suite 2500
Detroit, MI 48226
(313) 963-6420
schwartzb@millercanfield.com
watson@millercanfield.com

Denise C. Barton (P41535)
Joseph Y. Ho (P77390)
Erik A. Grill (P64713)
Assistant Attorneys General
Attorneys for Defendants
P.O. Box 30736
Lansing, MI 48909
(517) 373-6434
bartond@michigan.gov
hoj@michigan.gov

_____

Defendants do not present any valid arguments justifying a gag on objectively neutral, factual information. Immediate injunctive relief is needed to stop the ongoing infringement of Plaintiffs' constitutional rights.

## A.   Plaintiffs Have Standing to Protect Their First Amendment Rights

Defendants take the extreme, unsupported position[1] that public employees do not have First Amendment rights. Their argument ignores binding precedent.

In *Wood v. Georgia*, 370 U.S. 375, 395 (1962), a First Amendment challenge by an elected official, the Court emphatically held that elected officials "be allowed freely to express themselves on matters of current public importance." Notably, the Court explained that the plaintiff was an elected official "[did] not … provide[] any basis for cultailing [sic] his right of free speech." *Id.* at 394. "The role that elected officials play in our society makes it all the more imperative that they be allowed freely to express themselves on matters of current public importance." *Id.* at 394-395; *see also Bond v. Floyd*, 385 U.S. 116 135-36 (1966).

Similarly, citing *Wood*, Michigan's Attorney General proclaimed in 1969 that "***elected public officials***, as well as private citizens, have a federally protected right to freedom of speech guaranteed by the First Amendment to the Constitution of the United States." Mich. Att'y Gen. Op. No. 4647 (1969) (emphasis added).

---

[1] None of the Plaintiffs are political subdivisions. Thus, Defendants' focus on the rights of political subdivisions is misplaced.

1

The Attorney General further stated that elected officials have a First Amendment "obligation to take positions on controversial political questions so that their constituents can be fully informed by them." *Id.* Overall, *Wood, Bond* and AG Opinion 4647 demonstrate that Defendants' standing arguments lack merit.[2]

Not only do the public employee Plaintiffs have First Amendment rights, but they have suffered an injury-in-fact because §57(3) is currently chilling protected speech. Standing based on First Amendment violations exists where the statute in question proscribes protected conduct. *Parsons v. U.S. Dept. of J.*, 801 F.3d 701, 711 (6th Cir. 2015). Here, the Complaint details how §57(3) is currently chilling speech during the 60 days prior to the March 8 election.[3] (Dkt#1, Verified Compl, ¶¶36, 39, 43, 46-47, 50-52, 55-56, 59-60, 63-64, 67-68, 71, 75, 78, 81-82). In other words, Plaintiffs satisfy the injury-in-fact requirement because they allege "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat

---

[2] *Ysura v. Pocatello Educ. Ass'n*, 555 U.S. 353 (2009) does not apply because that case involved a challenge to a law preventing local governments from permitting payroll deductions for political action committees involved in partisan politics. Neither payroll deductions, nor partisan political activity, are at issue here.

[3] The injury is Plaintiffs' inability to exercise their First Amendment rights. *Elrod v. Burns*, 427 U.S. 347, 373 (1976). The injury is even more acute because absentee ballots must be sent 45 days prior to the March 8 election. MCL 168.759a(5). If the gag imposed by §57(3) is not enjoined, Plaintiffs will be unable to exercise their First Amendment rights to inform their constituents who have already received their ballots. *See* Mich. Att'y Gen. Op. No. 4647 (1969).

of prosecution."[4] *Susan B. Anthony List v. Driehaus*, 134 S.Ct. 2334, 2342 (2014) (quotation omitted) (pre-enforcement challenge to statute restricting political speech). Moreover, because each Plaintiff has withheld speech as a direct result of §57(3)'s enactment, causation exists. *Lujan v. Defenders of Wildlife*, 505 U.S. 555, 560 (1992). Finally, enjoining the enforcement of §57(3) will redress the injuries because Plaintiffs will be allowed to disseminate the objectively neutral information intended. Thus, Plaintiffs have Article III standing.

Defendants standing argument is circular. They assert at page 8 of their brief that Plaintiffs do not have standing because the only way they would trigger §57(3) is if they were acting in their official capacities. Defendants then argue that official capacity plaintiffs do not have standing because they are considered a subdivision of the state. In addition to the reasons above, this is misplaced for several reasons. First, §57(3) proscribes conduct by "a public body, or a person acting for a public body." If §57(3) was limited to "public bodies," then the reference to a "person" would be superfluous. Second, the penalties for violating §57(3) (described in §57(4)) necessarily apply to Plaintiffs as individuals because a public body cannot possibly be imprisoned. Third, regardless of whether Plaintiffs have standing in

---

[4] In *Driehaus*, the Court easily concluded that because the intended future conduct concerned political speech, "it is certainly affected with a constitutional interest." *Id.* at 2344. The Court also explained that there was a "real risk" of enforcement because complaints were "not restricted to state officials who are constrained by explicit guidelines." *Id.* at 2345. The same result applies here.

their official capacity, it cannot seriously be disputed that they have standing to assert their individual First Amendment claims.

Finally, even if the public official Plaintiffs lack standing, "only one plaintiff needs to have standing in order for the suit to move forward." *Parsons*, 801 F.3d at 710. There is a First Amendment right to hear protected speech.[5] *Citizens United v. FEC*, 558 U.S. 310, 339 (2010). *See also Baker v. Carr*, 369 U.S. 186, 206 (1962) ("voters who alleged facts showing disadvantage to themselves as individuals have standing to sue"); *Va. State Bd. of Pharm. v. Va. Citizens Consumer Council*, 425 U.S. 748, 756 (1976) (citing cases). Thus, all Plaintiffs – including Plaintiff Purchase – are currently being injured by their inability to receive neutral, factual information about ballot proposals because they lack the information to fully participate in the political process. Defendants' assertion that Plaintiffs are not injured because they can use alternative means (such as FOIA requests) is off-the-mark because the government may not erect arbitrary hurdles that citizens must overcome before exercising a fundamental right. *See Gutzwiller v. Fenik,* 860 F.2d 1317, 1328 (6th Cir. 1988). Additionally, Defendants ignore that under *Citizens United*, the government cannot "command where a person may get his or her

---

[5] *Neinast v. Bd. of Trustees of Columbus Metro. Lib.,* 346 F.3d 585, 591-92 (6th Cir. 2003) is inapposite because that case involved a regulation requiring library patrons to wear shoes, a regulation which "[did] not directly impact the right to receive information." Here, §57(3) directly targets the receipt of information.

4

information or what distrusted source he or she may not hear." 558 U.S. at 356.

**B.      Subsection 57(3) Violates First Amendment Rights**

Apparently recognizing that §57(3) is not narrowly tailored, Defendants do not attempt to argue that there is a compelling governmental interest, instead brazenly claiming that strict scrutiny does not apply to core political speech. Accordingly, establishing standing ends the inquiry. Regardless of whether Defendants waived this argument, they fail to distinguish binding Supreme Court precedent, cavalierly dismissing the broad principles outlined in *Citizens United* and completely ignoring the other cases cited in Plaintiffs' initial Brief. This leads to the only logical conclusion: §57(3)'s censorship must be enjoined.

Defendants' *post hoc* justification for §57(3) actually demonstrates that the statute is overbroad. While they state that §57(3) was intended to "prohibit communications that are plain attempts to influence voters," that language does not appear in §57(3). Instead, §57(3) broadly prohibits objectively neutral, factual communications that are not advocacy. Indeed, Defendants **actually admit** at page 15 that the carve-out in §57(1)(b) for "factual information" is "no longer available to certain forms of communication." Moreover, the fact that the MCFA already contained a prohibition on advocacy communications, establishes that §57(3) is not narrowly tailored. MCL 169.206(2)(b), 169.257(1).

**C.      Recent Efforts to "Clarify" §57(3) Demonstrate That It is Unconstitutionally Vague, Violating Due Process**

5

Statutes containing criminal penalties must be precise and not leave individuals guessing as to what conduct is proscribed. *F.C.C. v. Fox TV Stations*, 132 S. Ct. 2307, 2317 (2012). Here, those responsible for enacting and signing the statute all but admit that it is constitutionally deficient. The Governor's signing statement "encourage[d] the Legislature to pass follow-up legislation to *clarify* certain provisions of the new law." (Dkt#3-1 (emphasis added)). Several legislators – including the original proponent of SB 571 – did not even understand the restrictions imposed by §57(3). (Dkt##3-9, 3-10). And, the law is so constitutionally deficient that at least five bills have been introduced (in Defendants' words) to "provide clarification and guidance." (Dkt#12 at 21). Indeed, the proponent of pending bill SB 721, Sen. Ken Horn, explained in a press release that "Local officials should be able to share unbiased information without concern." (Ex 1, Horn Stmt). Sen. Horn even admitted that when enacting the original bill, "we went too far, and voters should be able to receive factual information on local ballot questions." (*Id.*) That so many voices seek to clarify a statute passed mere weeks ago demonstrates, alone, that it is unconstitutionally vague.[6] The amendment attempts are precisely why the Court should enjoin the statute with the March 8 elections fast approaching.

---

[6] Defendants ignore the vagueness examples cited at pp. 20-22 of Plaintiffs' Brief.

### D.   *Burford* Abstention Does Not Apply

Abstention is "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Answers in Genesis of Ky. v. Creation Ministries Int'l.*, 556 F.3d 459, 467 (6th Cir. 2009) (internal quotations omitted). "The purpose of *Burford* abstention is to 'protect[ ] complex state administrative processes from undue federal interference.'" *Bassett v. Snyder*, 951 F. Supp. 2d 939, 954 (E.D. Mich. 2013) (citation omitted). "*Burford* abstention is appropriate only if (1) timely and adequate state court review is available and (2) the case involves difficult questions of state law or federal court resolution disrupts state efforts to establish a comprehensive policy." *Id.* The Supreme Court has stated that it is "particularly reluctant to abstain in cases involving facial challenges based on the First Amendment." *Houston v. Hill,* 482 U.S. 451, 467 (1987).

There is no basis for declining to rule on a statute designed to infringe First Amendment rights. A ruling will not interfere with any state administrative process because "Federal review will simply determine whether Michigan's policy is consistent with First Amendment requirements. That is not the kind of disruption of state efforts that *Burford* is designed to avoid." *Bogaert v. Land*, 675 F. Supp. 2d 742, 746-47 (W.D. Mich. 2009). Moreover, abstention will ensure that Plaintiffs' irreparable injury continues, given the impending elections.

Respectfully submitted,
/s/ *Scott R. Eldridge* (P66452)

7

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to:

Denise C. Barton at bartond@michigan.gov
Joseph Y. Ho at hoj@michigan.gov
Erik A. Grill at grille@michigan.gov

/s/Scott R. Eldridge (P66452)
Miller, Canfield, Paddock and Stone, P.L.C.
*Attorneys for Plaintiffs*
One Michigan Avenue
Lansing MI 48933
eldridge@millercanfield.com

25972186.2\088888-03310

8