UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT TAYLOR, Mayor, City of Roseville, et al, | Case No. 16-10256 Hon. John Corbett O'Meara |
| Plaintiffs, | |
| v. | Hearing: 2/4/16, 10:00 a.m. |
| RUTH JOHNSON, in her official capacity as Secretary of the State of Michigan, et al, Defendants. | |

_____/

| | |
|---|---|
| Scott R. Eldridge (P-66452) | Denise C. Barton (P-41535) |
| Michael J. Hodge (P-25146) | Joseph Y. Ho (P-77390) |
| Attorneys for Plaintiffs | Erik A. Grill (P-64713) |
| Miller, Canfield, Paddock and Stone, P.L.C. | Assistant Attorneys General |
| One Michigan Avenue | Attorneys for Defendants |
| Lansing, MI 48933 | P.O. Box 30736 |
| eldridge@millercanfield.com | Lansing, MI 48909 |
| hodge@millercanfield.com | (517) 373-6434 |
| | bartond@michigan.gov |
| Jerome R. Watson (P-27082) | hoj@michigan.gov |
| Brian M. Schwartz (P-69018) | |
| Attorneys for Plaintiffs | |
| Miller, Canfield, Paddock and Stone, P.L.C. | |
| 150 West Jefferson, Suite 2500 | |
| Detroit, MI 48226 | |
| (313) 963-6420 | |
| schwartzb@millercanfield.com | |
| watson@millercanfield.com | |

_____/

**AMICUS BRIEF OF THE CITY OF DETROIT IN SUPPORT OF PLAINTIFFS**

**CERTIFICATE OF SERVICE**

Melvin Butch Hollowell (P-37834)
Corporation Counsel

BY:   Sheri L. Whyte (P-41858)
       Senior Assistant Corporation Counsel

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................................... ii

I.      INTRODUCTION ........................................................................................................ 1

II.     STATEMENT OF FACTS ........................................................................................... 1

III.    ARGUMENT ................................................................................................................ 2

   A.   The Cities of Detroit, Grand Rapids and Royal Oak are Opposed to this Legislation as it is an Unconstitutional Restriction on the Free Speech of City Public Bodies such as the Detroit City Council and the Grand Rapids and Royal Oak City Commissions. ..... 2

   B.   Section 57(3) is Unconstitutionally Vague. .................................................................. 4

   C.   The Statute Treats Absentee Voters Differently from those who Vote at the Polls on Election Day. ................................................................................................................ 4

CONCLUSION ......................................................................................................................... 5

CERTIFICATE OF SERVICE ................................................................................................. 6

# INDEX OF AUTHORITIES

## CASES

*Citizens United v. FEC*,
  558 U.S. 310, 130 S. Ct. 876, 175 L.Ed. 2d 253 (2010] ............................................................. 2

*Meyer v. Grant*,
  486 U.S. 414, 108 S. Ct. 1886 (1988) ....................................................................................... 2

*Near v. Minnesota*,
  283 U.S. 697, 51 S. Ct. 625 (1931) ............................................................................................ 3

*WXYZ, Inc. v. Hand*,
  658 F.2d 420 (6th Cir. 1981) ...................................................................................................... 3

## STATUTES

MCL 117.22 ....................................................................................................................................... 4

S.B. 571, 2015 P.A. 269, MCL 169.257 .................................................................................... 1, 3

## OTHER AUTHORITIES

Detroit City Charter Sec. 7-1401 ..................................................................................................... 3

Detroit City Charter Sec. 7-1403 ..................................................................................................... 3

Mich. Const. art. I, Sect. 5 ............................................................................................................... 2

Title IV to the City of Grand Rapids' Charter ................................................................................ 1

**I.     INTRODUCTION**

The City of Detroit hereby submits this *amicus curiae* brief in support of Plaintiffs' Verified Complaint and *Ex Parte* Motion for a Temporary Restraining Order and a Preliminary Injunction filed in this action.  As alluded to in the City of Detroit's motion to file brief as *amicus curiae*, the Cities of Grand Rapids and Royal Oak join in this brief and concur with the relief sought.

**II.    STATEMENT OF FACTS**

On January 6, 2016, S.B. 571, 2015 P.A. 269, MCL 169.257 (P.A. 269, or "the Act") was enacted by the State of Michigan.  This statute, specifically Section 57(3), purports to prohibit public bodies or public officials from using public resources to "communicate" with the public on a local ballot questions for 60 days leading up to an election.  The applicable provision reads as follows:

> *"A PUBLIC BODY, OR A PERSON ACTING FOR A PUBLIC BODY, SHALL NOT, DURING THE PERIOD 60 DAYS BEFORE AN ELECTION IN WHICH A LOCAL BALLOT QUESTION APPEARS ON A BALLOT, USE PUBLIC FUNDS OR RESOURCES FOR A COMMUNICATION BY MEANS OF RADIO, TELEVISION, MASS MAILING, OR PRERECORDED TELEPHONE MESSAGE IF THAT COMMUNICATION REFERENCES A LOCAL BALLOT QUESTION AND IS TARGETED TO THE RELEVANT ELECTORATE WHERE THE LOCAL BALLOT QUESTION APPEARS ON THE BALLOT."*

The way the bill is written, if the Detroit City Council ("a public body") passed an ordinance, which later became the subject of a voter referendum under section 12-103 of the City Charter, P.A. 269 would prohibit Council from using "public resources" to communicate on the merits of the ordinance.  The Act is on its face an unconstitutional prior restraint on First Amendment speech and should be struck down accordingly.

Similarly, Title IV to the City of Grand Rapids' Charter allows for voter initiated ordinance petitions and petitions for referendum.   P.A. 269 would prohibit the Grand Rapids City

1

Commission from using "public resources" to communicate the merits, or even existence, of the petition/proposal and/or the ordinance.

### III.  ARGUMENT

**A. The Cities of Detroit, Grand Rapids and Royal Oak are Opposed to this Legislation as it is an Unconstitutional Restriction on the Free Speech of City Public Bodies such as the Detroit City Council and the Grand Rapids and Royal Oak City Commissions.**

Amendment I to the United States Constitution provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; *or abridging the freedom of speech*, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances." (Emphasis added.)

Further, the Michigan Constitution of 1963, Article I, Section 5 provides that "*[e]very person may freely speak*, write, express and publish his views on all subjects, being responsible for the abuse of such right; and *no law shall be enacted to restrain or abridge the liberty of speech* or of the press." (Emphasis added.)

The First Amendment elevates core political speech above all other forms of individual expression. *Meyer v. Grant*, 486 U.S. 414, 108 S. Ct. 1886 (1988). As fellow *amici* point out, "[d]iscussion of ballot proposals – no matter who is the speaker – is political speech," citing *Meyer*. Further, "[l]aws that burden political speech are 'subject to strict scrutiny,' which requires the Government to prove that the restriction 'furthers a compelling interest and is narrowly tailored to achieve that interest.' *Citizens United [v. FEC*, 558 U.S. 310, 130 S. Ct. 876, 175 L.Ed. 2d 253 (2010] at *supra* at [340] (quoting [*FEC v.*] *Wisconsin Right to Life, supra*, [551 U.S.] at 464.)" Brief of *amici* Michigan Municipal League, Michigan Association of Counties, Michigan Townships Association and Conference of Western Wayne at 12.

2

For 85 years, the U.S. Supreme Court has held "Prior Restraint" laws on free speech unconstitutional, except in very limited circumstances such as national security matters. *Near v. Minnesota*, 283 U.S. 697, 51 S. Ct. 625 (1931); see also *WXYZ, Inc. v. Hand*, 658 F.2d 420 (6th Cir. 1981).

With respect to the City of Detroit, the City Charter, Sec. 7-1401 provides that "[t]he City of Detroit shall operate and maintain its television channels for the benefit of the citizens of the City of Detroit. These cable television channels are public assets." The Charter further provides, at Section 7-1403, that "[a]ll official meetings of the City Council shall be broadcast in their entirety, and where feasible in a live format." Council sessions are broadcast to the general public in Southeast Michigan via Comcast Channel 10. These are "public resources by means of … television," as stated in P.A. 269, and therefore chilled by the unconstitutional restrictions in Section 57(3). The purpose behind the above-stated Charter provisions is the facilitation of public education on matters of City government.

With respect to the City of Grand Rapids, it regularly broadcasts City Commission-Committee of the Whole meetings on its public cable television channel via Comcast. It also joins the Grand Rapids Public Schools in the publication of newsletters to announce and discuss local issues. Both methods of communication have the purpose of public education of, and access to, City government.

In addition to restricting City Council's and/or Commission's free speech, the Act unconstitutionally restricts citizen access to information on the governmental process. Some citizens cannot physically, or due to other commitments, come to Council Chambers to access the information. Many do not have Internet access. This is the purpose of televising Council proceedings, with which this bill unconstitutionally interferes.

### B.  Section 57(3) is Unconstitutionally Vague.

In this vein, the City of Detroit, Grand Rapids and Royal Oak concur with *amici* Michigan Municipal League, Michigan Association of Counties, Michigan Townships Association and Conference of Western Wayne that Section 57(3) is unconstitutionally vague.  Brief of *amici* Michigan Municipal League, Michigan Association of Counties, Michigan Townships Association and Conference of Western Wayne at 19-22.  Citizens attend City Council or Commission proceedings to express their views.  If a citizen happens to raise or discuss a pending ballot question at a televised proceeding during the 60 day window, is that citizen "acting for" a public body?  Does this constitute a "communication" by the public body which "references" the ballot question?  The cities cannot control which matters citizens wish to discuss at Council or Commission hearings, and this combined with the vague language of the statute makes it impossible for public bodies to know whether they are in compliance.

### C.  The Statute Treats Absentee Voters Differently from those who Vote at the Polls on Election Day.

These cities also concur with their fellow *amici* that the statute violates equal protection (Brief of *amici* Michigan Municipal League, Michigan Association of Counties, Michigan Townships Association and Conference of Western Wayne at 18-19).  Last year, for example, the Royal Oak city commission placed five charter proposals on the ballot, which were reviewed and approved by the Michigan Department of the Attorney General and the governor as required by the home rule city act, MCL 117.22.  The proposals included revisions to the library spending limitations, adjustments to bond requirements for contractors providing services to the city, removal of charter references to the Oakland County Board of Supervisors because it was long-ago replaced by the Oakland County Board of Commissioners, clarification of the duties of the city manager and

revisions to the manager's employment agreement and amending the charter to reflect gender-neutral terms.

The city commission adopted a resolution to send letters to the electorate explaining the proposals in a factual, unbiased manner with links to the city Internet site for more information. About five weeks before the election the city sent a mailing to the homes of each registered elector of the city.

While the newly enacted statute would have precluded the city's mailing five weeks before the election, it would not have precluded the mailing more than 60 days before the election. Ironically, ballots for absentee voters are statutorily mandated to be available six weeks (42 days) before an election.

Unlike the Federal Congressional Record, Michigan does not publish an equivalent journal of the debates in its legislature, so there is no legislative record to review. While Michigan Department of the Secretary of State argues the purpose of the new restrictions is to prevent electioneering, or influencing the electorate, *see, Defendant's (MISOS) response in opposition to plaintiffs'* ex parte *motion for a temporary restraining order and preliminary injunction,* page 4, there is no other record, other than the language of the act, to divine its purpose.

So, we are left to wonder why it is statutorily allowed to communicate to the absentee voter by television, radio, mass mailing, or by recorded telephone announcements only a couple of weeks before they can receive ballots, but voters visiting the polls will have to look back 60 days for the same communication.

## **CONCLUSION**

In conclusion, for these reasons and those stated by the Plaintiffs and *amici* Michigan Municipal League, Michigan Association of Counties, Michigan Townships Association and

5

Conference of Western Wayne, the City of Detroit is opposed to this legislation as an unconstitutional restriction on the free speech of public bodies such as the City Council and Election Commission, and the Cities of Grand Rapids and Royal Oak join and concur.

Respectfully submitted,

CITY OF DETROIT LAW DEPARTMENT

Melvin Butch Hollowell (P-37834)
Corporation Counsel

BY: s/Sheri L. Whyte
Sheri L. Whyte (P-41858)
Senior Assistant Corporation Counsel
2 Woodward Ave., Ste. 500
Detroit, Michigan  48226
(313) 237-3076
whyts@detroitmi.gov

joined by:

s/Lindsay A. Bondy
Lindsay A. Bondy (P-70951)
Assistant City Attorney, City of Grand Rapids
300 Monroe Ave. NW
Grand Rapids, MI  49503-2206
(616) 456-3181
cmish@grcity.us


s/Mark O. Liss
Mark O. Liss (P-42441)
Interim City Attorney, City of Royal Oak
211 S. Williams Street
Royal Oak, MI  48067-2619
(248) 246-3240
markl@romi.gov

Dated:  February 3, 2016

**CERTIFICATE OF SERVICE**

      I certify that on February 3, 2016, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

                                            <u>s/Sheri L. Whyte</u>
                                            Sheri L. Whyte P41858
                                            Senior Assistant Corporation Counsel
                                            2 Woodward Avenue, Suite 500
                                            Detroit, MI  48226
                                            (313) 237-3076
                                            <u>whyts@detroitmi.gov</u>