UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT TAYLOR, Mayor, City of Roseville;
DOUGLAS R. ALEXANDER, City Manager,
City of Algonac; MATTHEW BIERLEIN,
County Commissioner, Tuscola County;              No. 2:16-cv-10256
DONALD LYONS, Mayor, City of Dowagiac;
TODD R. ROBINSON, Superintendent, New             HON. JOHN CORBETT
Haven Community Schools; RUSSELL                  O'MEARA
PICKELL, Superintendent, Riverview
Community Schools; KELLY COFFIN,                  MAG. R. STEVEN WHALEN
Superintendent, Tecumseh Public Schools;
KIMBERLY AMSTUTZ-WILD, School Board
President, Tecumseh Public Schools; KEITH         **DEFENDANTS' ANSWER**
WUNDERLICH, Superintendent, Waterford             **TO PLAINTIFFS'**
School District; ROBERT SEETERLIN, School         **COMPLAINT**
Board President, Waterford School District;
MICHELLE IMBRUNONE, Superintendent,
Goodrich Area Schools; DAVID P. PRAY,
Superintendent, Clinton Community Schools;
PATRICIA MURPHY-ALDERMAN,
Superintendent, Bryon Area Schools; AMY
LAWRENCE, School Board President, Byron
Area Schools; ROBERT D. LIVERNOIS,
Superintendent, Warren Consolidated School
District; YVONNE CAAMAL CANUL,
Superintendent, Lansing School District; in their
individual and official capacities; and STEPHEN
PURCHASE, in his individual capacity,

        Plaintiffs,
v

RUTH JOHNSON, in her official capacity as
Secretary of the State of Michigan; and the
STATE OF MICHIGAN,

_____Defendants._____/

1

Scott R. Eldridge (P66452)
Michael J. Hodge (P25146)
Attorneys for Plaintiffs
One Michigan Avenue
Lansing, Michigan  48933

Jerome R. Watson (P27082)
Brian M. Schwartz (P69018)
Attorneys for Plaintiffs
150 West Jefferson, Ste 2500
Detroit, Michigan  48226
313.963.6420

Denise C. Barton (P41535)
Erik A. Grill (P64713)
Joseph Y. Ho (P77390)
Assistant Attorneys General
Attorneys for Defendants
P.O. Box 30736
Lansing, Michigan  48909
517.373.6434

_____/

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

NOW COME Defendants, Ruth Johnson and the State of Michigan, by their attorneys, and in answer to Plaintiffs' Complaint, states as follows:

1.     Defendants neither admit nor deny the allegations contained in paragraph 1 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

2.     Denied for the reason it is untrue.

3.     The allegations contained in paragraph 3 are conclusions of law, not averments of fact and thus, no response is required; Defendants deny said allegations as untrue where material, leaving Plaintiffs to their proofs.

4.      The allegations contained in paragraph 4 are conclusions of law, not averments of fact and thus, no response is required; Defendants deny said allegations as untrue where material, leaving Plaintiffs to their proofs.

5.      The allegations contained in paragraph 5 are conclusions of law, not averments of fact and thus, no response is required; Defendants deny said allegations as untrue where material, leaving Plaintiffs to their proofs.

6.      The allegations contained in paragraph 6 cite to an opinion of the Michigan Attorney General; the opinion speaks for itself and no further answer is necessary.

7.      Denied for the reason it is untrue.

8.      The allegations contained in paragraph 8 are conclusions of law, not averments of fact and thus, no response is required; Defendants deny said allegations as untrue where material, leaving Plaintiffs to their proofs.

9.      Admitted.

10.      Admitted.

11.      Admitted.

12.      Denied insofar as paragraph 12 characterizes Subsection 57(3) as a "gag[]"; the remainder of the allegations are admitted.

13.     Denied insofar as paragraph 13 characterizes the contested language in Subsection 57(3) as "unconstitutional"; the remainder of the allegations are admitted.

14.     Admitted.

15.     Admitted.

16.     Admitted.

17.     Defendants neither admit nor deny the allegations contained in paragraph 17 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

18.     Defendants neither admit nor deny the allegations contained in paragraph 18 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

19.     Defendants neither admit nor deny the allegations contained in paragraph 19 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

20.     Defendants neither admit nor deny the allegations contained in paragraph 20 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

21.     Admitted.

22.     Denied for the reason that it is untrue.

4

23.    The allegations contained in paragraph 23 are conclusions of law, not averments of fact and thus, no response is required; Defendants deny said allegations as untrue where material, leaving Plaintiffs to their proofs.

24.    Defendants neither admit nor deny the allegations contained in paragraph 24 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

25.    Defendants neither admit nor deny the allegations contained in paragraph 25 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

26.    Defendants neither admit nor deny the allegations contained in paragraph 26 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

27.    Defendants neither admit nor deny the allegations contained in paragraph 27 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

28.    The allegations contained in paragraph 28 are conclusions of law, not averments of fact and thus, no response is required; Defendants deny said allegations as untrue where material, leaving Plaintiffs to their proofs.

29.    Admitted.

30.    Denied insofar as paragraph 30 characterizes the contested law as a "gag order"; Defendants neither admit nor deny the remainder of the allegations contained in paragraph 30 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

31.    Denied insofar as paragraph 31 characterizes the contested law as a "gag order"; Defendants neither admit nor deny the remainder of the allegations contained in paragraph 31 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

32.    Defendants neither admit nor deny the allegations contained in paragraph 32 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

33.    Defendants neither admit nor deny the allegations contained in paragraph 33 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

34.    Defendants neither admit nor deny the allegations contained in paragraph 34 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

35.    Defendants neither admit nor deny the allegations contained in paragraph 35 for lack of sufficient information to formulate a belief as to the

veracity of the allegations and therefore leave Plaintiffs to their proofs; in further answer, the ballot proposal speaks for itself.

36.    Defendants neither admit nor deny the allegations contained in paragraph 36 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

37.    Defendants neither admit nor deny the allegations contained in paragraph 37 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

38.    Defendants neither admit nor deny the allegations contained in paragraph 38 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs; in further answer, the ballot proposal speaks for itself.

39.    Defendants neither admit nor deny the allegations contained in paragraph 39 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

40.    Defendants neither admit nor deny the allegations contained in paragraph 40 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

7

41.     Defendants neither admit nor deny the allegations contained in paragraph 41 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

42.     Defendants neither admit nor deny the allegations contained in paragraph 42 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs; in further answer, the ballot proposal speaks for itself.

43.     Defendants neither admit nor deny the allegations contained in paragraph 43 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

44.     Defendants neither admit nor deny the allegations contained in paragraph 44 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

45.     Defendants neither admit nor deny the allegations contained in paragraph 45 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs; in further answer, the ballot proposal speaks for itself.

46.     Defendants neither admit nor deny the allegations contained in paragraph 46 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

8

47.     Defendants neither admit nor deny the allegations contained in paragraph 47 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

48.     Defendants neither admit nor deny the allegations contained in paragraph 48 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

49.     Defendants neither admit nor deny the allegations contained in paragraph 49 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs; in further answer, the ballot proposal speaks for itself.

50.     Defendants neither admit nor deny the allegations contained in paragraph 50 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

51.     Defendants neither admit nor deny the allegations contained in paragraph 51 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

52.     Defendants neither admit nor deny the allegations contained in paragraph 52 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

9

53.     Defendants neither admit nor deny the allegations contained in paragraph 53 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

54.     Defendants neither admit nor deny the allegations contained in paragraph 54 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs; in further answer, the ballot proposal speaks for itself.

55.     Defendants neither admit nor deny the allegations contained in paragraph 55 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

56.     Defendants neither admit nor deny the allegations contained in paragraph 56 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

57.     Defendants neither admit nor deny the allegations contained in paragraph 57 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

58.     Defendants neither admit nor deny the allegations contained in paragraph 58 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs; in further answer, the ballot proposal speaks for itself.

10

59.     Defendants neither admit nor deny the allegations contained in paragraph 59 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

60.     Defendants neither admit nor deny the allegations contained in paragraph 60 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

61.     Defendants neither admit nor deny the allegations contained in paragraph 61 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

62.     Defendants neither admit nor deny the allegations contained in paragraph 62 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs; in further answer, the ballot proposal speaks for itself.

63.     Defendants neither admit nor deny the allegations contained in paragraph 63 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

64.     Defendants neither admit nor deny the allegations contained in paragraph 64 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

65.    Defendants neither admit nor deny the allegations contained in paragraph 65 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

66.    Defendants neither admit nor deny the allegations contained in paragraph 66 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs; in further answer, the ballot proposal speaks for itself.

67.    Defendants neither admit nor deny the allegations contained in paragraph 67 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

68.    Defendants neither admit nor deny the allegations contained in paragraph 68 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

69.    Defendants neither admit nor deny the allegations contained in paragraph 69 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

70.    Defendants neither admit nor deny the allegations contained in paragraph 70 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs; in further answer, the ballot proposal speaks for itself.

12

71.     Defendants neither admit nor deny the allegations contained in paragraph 71 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

72.     Defendants neither admit nor deny the allegations contained in paragraph 72 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

73.     Defendants neither admit nor deny the allegations contained in paragraph 73 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

74.     Defendants neither admit nor deny the allegations contained in paragraph 74 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs; in further answer, the ballot proposal speaks for itself.

75.     Defendants neither admit nor deny the allegations contained in paragraph 75 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

76.     Defendants neither admit nor deny the allegations contained in paragraph 76 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

77.     Defendants neither admit nor deny the allegations contained in paragraph 77 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

78.     Defendants neither admit nor deny the allegations contained in paragraph 78 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

79.     Defendants neither admit nor deny the allegations contained in paragraph 79 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

80.     Defendants neither admit nor deny the allegations contained in paragraph 80 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs; in further answer, the ballot proposal speaks for itself.

81.     Defendants neither admit nor deny the allegations contained in paragraph 81 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

82.     The allegations contained in paragraph 82 are conclusions of law, not averments of fact and thus, no response is required; Defendants deny said allegations as untrue where material, leaving Plaintiffs to their proofs.

14

83.     The allegations contained in paragraph 83 are conclusions of law, not averments of fact and thus, no response is required; Defendants deny said allegations as untrue where material, leaving Plaintiffs to their proofs.

84.     Defendants neither admit nor deny the allegations contained in paragraph 84 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

85.     Defendants neither admit nor deny the allegations contained in paragraph 85 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

86.     The allegations contained in paragraph 86 are conclusions of law, not averments of fact and thus, no response is required; Defendants deny said allegations as untrue where material, leaving Plaintiffs to their proofs.

87.     Denied for the reason it is untrue.

88.     Admitted.

89.     The allegations contained in paragraph 89 are conclusions of law, not averments of fact and thus, no response is required; Defendants deny said allegations as untrue where material, leaving Plaintiffs to their proofs.

90.     The allegations contained in paragraph 89 are conclusions of law, not averments of fact and thus, no response is required; Defendants deny said allegations as untrue where material, leaving Plaintiffs to their proofs.

15

91.    The allegations contained in paragraph 91 are conclusions of law, not averments of fact and thus, no response is required; Defendants deny said allegations as untrue where material, leaving Plaintiffs to their proofs.

92.    Defendants neither admit nor deny the allegations contained in paragraph 92 for lack of sufficient information to formulate a belief as to the veracity of the allegations and therefore leave Plaintiffs to their proofs.

93.    The allegations contained in paragraph 93 are conclusions of law, not averments of fact and thus, no response is required; Defendants deny said allegations as untrue where material, leaving Plaintiffs to their proofs.

94.    The allegations contained in paragraph 94 are conclusions of law, not averments of fact and thus, no response is required; Defendants deny said allegations as untrue where material, leaving Plaintiffs to their proofs.

95.    Defendants incorporate by reference paragraphs 1 through 94.

96.    The First Amendment of the U.S. Constitution speaks for itself.

97.    The allegations contained in paragraph 97 are conclusions of law, not averments of fact and thus, no response is required; Defendants deny said allegations as untrue where material, leaving Plaintiffs to their proofs.

98.    The allegations contained in paragraph 98 are conclusions of law, not averments of fact and thus, no response is required; Defendants deny said allegations as untrue where material, leaving Plaintiffs to their proofs.

16

99.     The allegations contained in paragraph 99 are conclusions of law, not averments of fact and thus, no response is required; Defendants deny said allegations as untrue where material, leaving Plaintiffs to their proofs.

100.    The allegations contained in paragraph 100 are conclusions of law, not averments of fact and thus, no response is required; Defendants deny said allegations as untrue where material, leaving Plaintiffs to their proofs.

101.    The allegations contained in paragraph 101 are conclusions of law, not averments of fact and thus, no response is required; Defendants deny said allegations as untrue where material, leaving Plaintiffs to their proofs.

102.    Denied for the reason it is untrue.

103.    Denied for the reason it is untrue.

104.    Denied for the reason it is untrue.

105.    Denied for the reason it is untrue.

106.    Denied for the reason it is untrue.

107.    Denied for the reason it is untrue.

108.    Denied for the reason it is untrue.

109.    Defendants incorporate by reference paragraphs 1 through 108.

110.    The Fourteenth Amendment of the U.S. Constitution speaks for itself.

111.   The allegations contained in paragraph 111 are conclusions of law, not averments of fact and thus, no response is required; Defendants deny said allegations as untrue where material, leaving Plaintiffs to their proofs.

112.   The allegations contained in paragraph 112 are conclusions of law, not averments of fact and thus, no response is required; Defendants deny said allegations as untrue where material, leaving Plaintiffs to their proofs.

113.   Denied for the reason it is untrue.

114.   Denied for the reason it is untrue.

115.   The allegations contained in paragraph 115 are conclusions of law, not averments of fact and thus, no response is required; Defendants deny said allegations as untrue where material, leaving Plaintiffs to their proofs.

116.   Denied for the reason it is untrue.

117.   Denied for the reason it is untrue.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants state that they may rely on and assert the following Affirmative Defenses and reserves the right to assert other defenses as they may become apparent throughout the course of these proceedings:

1.   Plaintiffs' alleged harms are not caused by the statutory requirements of Mich. Comp. Laws §169.257.

18

2.      Some or all of the Plaintiffs may lack standing because they have not been authorized to litigate on behalf of the public bodies identified in the Complaint.

3.      Plaintiffs are not being restricted by Mich. Comp. Laws §169.257 from engaging in constitutionally protected conduct.

4.      Although Plaintiffs claim to be seeking injunctive relief against Secretary Johnson in her official capacity, some or all of their claims against the Secretary may be barred by the Eleventh Amendment, qualified immunity, or other immunity afforded by law.

5.      Plaintiffs' claims against the State of Michigan are barred by the Eleventh Amendment.

6.      Plaintiffs' claims may be barred due to estoppel, res judicata, waiver, release, and/or laches.

7.      Some or all of Plaintiffs' claims may be barred by the doctrine of abstention because a state court ruling clarifying state law may make a federal court ruling on constitutionality unnecessary.

8.      Defendants give notice that they may add any affirmative defenses that become known during the course of these proceedings.

19

Respectfully submitted,

Bill Schuette
Attorney General

*s/Joseph Y. Ho*
Joseph Y. Ho (P77390)
Denise C. Barton (P41535)
Erik A. Grill (P64713)
Assistant Attorneys General
Attorneys for State Defendant Johnson
P.O. Box 30736
Lansing, Michigan  48909
517.373.6434
Email:  hoj@michigan.gov

Dated:  March 21, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2016 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing of the foregoing document as well as via US Mail to all non-ECF participants.

*s/Joseph Y. Ho*
Joseph Y. Ho (P77390)
P.O. Box 30736
Lansing, Michigan  48909
517.373.6434
Email:  hoj@michigan.gov
P77390

20