UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT TAYLOR, Mayor, City of Roseville;
DOUGLAS R. ALEXANDER, City Manager,
City of Algonac; MATTHEW BIERLEIN,
County Commissioner, Tuscola County;
DONALD LYONS, Mayor, City of Dowagiac;
TODD R. ROBINSON, Superintendent, New
Haven Community Schools; RUSSELL
PICKELL, Superintendent, Riverview
Community Schools; KELLY COFFIN,
Superintendent, Tecumseh Public Schools;
KIMBERLY AMSTUTZ-WILD, School Board
President, Tecumseh Public Schools; KEITH
WUNDERLICH, Superintendent, Waterford
School District; ROBERT SEETERLIN, School
Board President, Waterford School District;
MICHELLE IMBRUNONE, Superintendent,
Goodrich Area Schools; DAVID P. PRAY,
Superintendent, Clinton Community Schools;
PATRICIA MURPHY-ALDERMAN,
Superintendent, Bryon Area Schools; AMY
LAWRENCE, School Board President, Byron
Area Schools; ROBERT D. LIVERNOIS,
Superintendent, Warren Consolidated School
District; YVONNE CAAMAL CANUL,
Superintendent, Lansing School District; in their
individual and official capacities; and STEPHEN
PURCHASE, in his individual capacity,

    Plaintiffs,
v
RUTH JOHNSON, in her official capacity as
Secretary of the State of Michigan; and the
STATE OF MICHIGAN,

    Defendants.                            /

Case no. 16-10256

HON. JOHN CORBETT
O'MEARA

MAG. R. STEVEN
WHALEN

**CONSENT JUDGMENT**

1

## CONSENT JUDGMENT

1. On February 5, 2016, after a hearing, this Court issued an Order Granting Preliminary Injunction based on the fact that §57(3) of the Michigan Campaign Finance Act is unconstitutionally vague. This order has been complied with. As a result of that order, the parties agree to these terms.

2. A final judgment and permanent injunction is hereby entered against Defendant Ruth Johnson, in her official capacity as Secretary of State.

3. In its Order, the Court held that Plaintiffs have demonstrated a strong likelihood of success on the merits of their claim that Subsection 57(3) of the Michigan Campaign Finance Act, Mich. Comp. Laws 169.257(3) as enacted in P.A. 269 of 2015, is unconstitutionally vague and thus void.

4. Based on the Court's Order, Defendant Secretary of State is permanently enjoined from enforcing Mich. Comp. Laws 169.257 (3) as enacted in P.A. 269 of 2015, specifically:

> (3) Except for an election official in the performance of his or her duties under the Michigan election law, 1954 PA 116, MCL 168.1 to 168.992, a public body, or a person acting for a public body, shall not, during the period 60 days before an election in which a local ballot question appears on a ballot, use public funds or resources for a communication by means of radio, television, mass mailing, or prerecorded telephone message if that communication references a local ballot question and is targeted to the relevant electorate where the local ballot question appears on the ballot.

5. Pursuant to Fed. R. Civ. P. 65(d)(2), this injunction is binding on the Defendant, her officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them.  This does not preclude a future amendment to Michigan's Campaign Finance Act.

6. Pursuant to Fed. R. Civ. P. 41(a)(2), Plaintiff's claim against Defendants is dismissed with prejudice and without cost or fees.

7. This is a final judgment that resolves all pending claims and closes the case.

SO ORDERED.

Date: April 28, 2016                                    s/John Corbett O'Meara
                                                        United States District Judge


Approved for entry:

*s/Scott R. Eldrige (w/consent)*
Scott R. Eldridge (P66452)
Michael J. Hodge (P25146)
Attorneys for Plaintiffs
One Michigan Avenue
Lansing, Michigan  48933

*Erik A. Grill*
Erik A. Grill (P64713)
Denise C. Barton (P41535)
Joseph Y. Ho (P77390)
Assistant Attorneys General
Attorneys for Defendants
P.O. Box 30736
Lansing, Michigan  48909
517.373.6434